IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:14-CR-15-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER OF DETENTION PENDING** |
| | ) **TRIAL** |
| SHANE RASHAWN MCCOY, | ) |
| | ) |
| Defendant. | ) |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a Postal Inspector with the United States Postal Service. Defendant did not present any evidence. He suggested that his wife serve as his third-party custodian, but she did not appear at the hearing. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a one-count indictment on 4 February 2014 with burglary of a post office on 12 December 2013 in violation of 18 U.S.C. § 2115. The evidence presented at the hearing showed that an officer on patrol on the offense date noticed a person, ultimately

determined to be defendant, inside a closed store. Defendant fled the approaching officer and then assaulted him, causing injury, as he tried to arrest defendant. Police later apprehended defendant. The following day, the postmaster at the local post office reported to police that someone had broken into the post office. Defendant later confessed to breaking into the post office. He said he did it in an effort to steal money for Christmas gifts for his children.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the violent (*i.e.*, breaking and entering) nature of the offense charged; the circumstances of the offense charged, including the impulsive motivation behind it; defendant's criminal record, including three misdemeanor convictions for assault on a female (the victim in at least one of which was defendant's wife), three other misdemeanor convictions, revocation of probation the two times defendant has been placed on it (once in part for absconding and the other time in part for failing to report a change in residence), commission of two offenses while on probation, and pending state charges arising from the offense conduct related to the instant federal charges; the danger of continued offense conduct by defendant if released; the failure to present a third-party custodian at the hearing (the court questioning whether defendant's wife would be suitable even if she had been present because of defendant's prior assault of her and the presence of four minor children in the home); and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as the absence of a felony conviction for defendant. It finds, however, that the factors favoring detention outweigh such evidence.

### Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 3rd day of March 2014.

James E. Gates
United States Magistrate Judge